THE HONORABLE MARY JO HESTON
CHAPTER 13
HEARING DATE: November 7, 2019
HEARING TIME: 1:00 P.M.
LOCATION: Tacoma, Washington
RESPONSE DATE: October 31, 2019

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| In re: | Case No.: 19-42441-MJH |
|---|---|
| RAYMOND P LEMAY JR and JULIE DENISE LEMAY, | TRUSTEE'S OBJECTION TO CLAIM |
| Debtors. | |

## NOTICE

**YOU ARE HEREBY NOTIFIED** that a hearing on Trustee's Objection to Claim will be heard before the Honorable Mary Jo Heston at **1:00 P.M. on November 7, 2019**, at the U.S. Bankruptcy Courthouse, 1717 Pacific Avenue, Courtroom H, Tacoma, WA 98402.

**IF YOU OPPOSE** this motion, you must file your written response with the Court Clerk and deliver copies on the undersigned and all interested parties, NOT LATER THAN THE RESPONSE DATE, which is **October 31, 2019**. You should also appear at the time of hearing. If you fail to do so, the Court may enter an order granting the motion without any hearing and without further notice.

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600

OBJECTION TO CLAIM - 1

## OBJECTION

**COMES NOW**, Michael G. Malaier, the Chapter 13 Trustee and objects to Claim No. 11, filed by CAVALRY SPV I LLC in the amount of $1,088.62 on **September 6, 2019**. Trustee objects to the claim because the claim is barred by the applicable statute of limitations. RCW § 4.16.040.

Barring exceptional circumstances, statutes of limitation are generally governed by the law of the forum state. *PNC Bank v. Sterba (In re Sterba)*, 852 F.3d 1175, 1180 (9th Cir. 2017). Under Washington Law an action to collect a debt based upon a note or written contract must be commenced within six years. RCW 4.16.040. Based on the information provided by the claimant the cause of action on the debt accrued more than six years prior to the filing of this proof of claim. Moreover, the United States Supreme Court has recently noted that, "The [Chapter 13] trustee normally bears the burden of investigating claims and pointing out that a claim is stale." *See Midland Funding, LLC v. Johnson*, 581 U.S. ____(2017) at p. 7. Accordingly, the claim identified herein should be disallowed as the creditor is barred from collecting on the claim by the relevant statute of limitations for stale debt.

**WHEREFORE** the Trustee respectfully requests that the Court sustain his objection and enter an order disallowing Claim No. 11 in full.

**DATED** this 25th day of September, 2019 at Tacoma, Washington.

_____
Mathew S. LaCroix, WSBA# 41847 for
Michael G. Malaier, Chapter 13 Trustee

OBJECTION TO CLAIM - 2

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600